Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210519-161568
DATE: August 31, 2021

ORDER

Service connection for prostate cancer is granted.

FINDING OF FACT

The evidence is at least evenly balanced as to whether the Veteran's prostate cancer is related to chemical exposures in service.

CONCLUSION OF LAW

With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for prostate cancer and its residuals are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the United States Navy from March 1985 to March 2005. 

In August 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested readjudication of entitlement to service connection for prostate cancer most recently addressed in a September 2019 rating decision. In September 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. The Veteran's VA Form 10182, Decision Review Request: Board Appeal was received in May 2021. The Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

1. Entitlement to service connection for prostate cancer.

In this case, the Veteran contends that he experiences prostate cancer that was caused by his exposure to various toxic chemicals in service. The Board finds, for the following reasons, that the Veteran experiences current prostate cancer and residuals and that the evidence is at least evenly balanced as to whether his cancer is related to his chemical exposures in service.

Medical records, including a July 2017 pathology report from Arlington Pathology Association, show that the Veteran has been diagnosed as having prostate cancer and underwent a radical prostatectomy in July 2017. Thus, current disability has been demonstrated.

The Veteran's personnel records confirm that he was stationed at Port Hueneme from 2000 to 2004.

The Veteran submitted a medical opinion from his private treating physician, Dr. E.N., an oncologist, in May 2021. Dr. E.N. opined that the Veteran's prostate cancer was more likely than not caused by his exposure to PFOA and PFOS contaminated water at Naval Base Ventura County Port Hueneme. Dr. E.N. noted that the EPA has set health advisory levels for PFOA and PFOS at 70 parts per trillion or ppt. He then noted that when the Department of Defense (DoD) tested four water wells at Port Hueneme, all the wells showed PFOS/PFOA levels above the EPA's health advisory level of 70 ppt. Dr. E.N. noted that one of the water wells showed PFOS/PFOA totalling over 1 million ppt, a million times more than Harvard's School of Public Health says may be dangerous. Dr. E.N. stated that the Veteran drank, cooked, laundered and bathed in this highly contaminated water daily and has no family history of cancer of any kind. Dr. E.N. recounted the Veteran's medical history regarding his prostate cancer, including an initial misdiagnosis of benign prostatic hyperplasia in 2011, subsequent diagnosis of prostate cancer with a high Gleason score in 2017, and subsequent diagnose of lung cancer in 2018. Dr. E.N. noted that the Veteran was in good health prior to the discovery of his cancers. He stated that, given the Veteran's relatively young age, lack of family history of cancer, and exposure history, it is his opinion that at least one of these incurable cancers is more likely than not caused by his exposure to PFOA and PFOS contaminated water during service at Port Hueneme. The examiner further stated that the most likely to be linked to such exposure is the Veteran's "incredibly aggressive and widely metastatic prostate cancer." Dr. E.N. explained that the average age of diagnosis for prostate cancer is 66 years old in the United States and that the Veteran's aggressive prostate cancer could have been properly diagnosed when he was 44 years old, a mere 6 years after his last exposure to contaminated water and a very large outlier from the average age of disease onset. Dr. E.N. noted that the Veteran was physically active and ate a balanced diet at the time of diagnosis and before. Dr. E.N. also noted that the Veteran was at median risk for prostate cancer based on his race and ethnicity. He further explained that while a non-specific ATM variation was found by genetic testing, there is no evidence linking this variation or any ATM variation to prostate cancer. Dr. E.N. also noted that the Veteran was a smoker who ceased smoking in 2010 but stated that there is no evidence supporting a link between smoking and prostate cancer. Dr. E.N. then provided a detailed explanation of the relationship between PFOA/PFOS chemical exposure and the development of prostate cancer citing to several medical journals. Dr. E.N. concluded that the Veteran, lacking any other significant prostate cancer risk factors and suffering from an extremely aggressive and early onset disease occurring within six years of separation, more likely than not acquired his extreme outlier prostate cancer status as a result of exposure to PFOA and PFOS in the water while living in base housing at Naval Base Ventura County Port Hueneme.

The May 2021 opinion from Dr. E.N., is based upon treatment of the Veteran, a review of his records, consideration of his reported history and submitted scientific and medical treatise evidence, and is accompanied by a detailed rationale that is consistent with the evidence of record and the circumstances of the Veteran's service. Thus, the opinion is entitled to substantial probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning; threshold considerations are whether the person opining is suitably qualified and sufficiently informed).

The Board acknowledges that the DoD testing results showing contaminated water wells occurred in 2017, 13 years after the Veteran separated from active service, and that there is no direct evidence indicating that the Veteran drank from these specific wells. The treatise evidence submitted by the Veteran and referenced by Dr. E.N. indicates that the chemicals at issue began to be widely used for firefighting in the 1970s. Given that the Veteran spent four years living at Port Hueneme decades after the chemicals began to be used there, the fact that the concentration of the chemicals in 2017 was 1 million times greater than the level considered safe, and, per the May 2021 opinion, and the lack of a clear alternative etiology for the Veteran's early development of prostate cancer, the Board finds that the evidence is at least evenly balanced as to whether the Veteran's prostate cancer is related to his likely toxic chemical exposures in service. Moreover, there is no contrary medical opinion or evidence of record. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for prostate cancer is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

TIFFANY HANSON

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Modesto, Victor

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.